Weight, J.,
delivered the opinion of the Court.
Frederick A. Ross, on the 2d of November, 1849, executed a deed of trust to complainant, Henry M. Myers, upon certain real estate in Hawkins county, to secure to Caroline Myers, wife of said Henry M., the sum of $2100, which said Ross owed her. This deed, though acknowledged before the clerk, on the 1st of January, 1850, was not registered until the 2d of March, 1852.
Subsequent to the execution and acknowledgment of said deed, and before its registration, the said Frederick A. Ross, who wished to procure a loan from the Branch Bank of Tennessee at Rogersville, as well as to make more secure certain debts which he owed said Branch Bank, executed another deed of trust, to secure the payment of said advances and debts, in which he convoyed to John Netherland and Charles J. McKinney, as trustees for that purpose, certain lands also situated in Hawkins county, and which included the real *61 estate previously conveyed to Henry M. Myers, as above stated.
This deed to Netherland and McKinney was proved and registered before the registration of the deed to Myers; and the question now is, which of these deeds shall have priority of payment out of the property common to both ?
It is insisted that the bank had notice of the deed to Henry M. Myers, and that this entitles complainant, Caroline, to priority of satisfaction over the deed for the benefit of the bank, though the latter deed was first registered.
The evidence as to the notice rests upon the testimony of said Ross, who proves that before the writing of the deed for the benefit of the bank, he mentioned to John Netherlamd, in a casual, momentary remark in his house, the fact that he had given to H. M. Myers a deed for a very small part of the property he intended to convey to the bank, but believed he could adjust that matter in a short time; that Mr. Netherland was counsel for the bank; that on the night of that da.y the witness attended in the bank, and then and there the papers were written for the bank by T. A. R. Nelson; that there were bank officers present, not distinctly remembered by the witness — only he felt certain that neither Mr. Netherland nor C. J. McKinney were there; that the next morning, and before the deed to the bank was witnessed, he met C. J. McKinney, a bank director, in the street, near his store, and while passing, stopped for a moment, and said to him just what he had mentioned to Mr. Netherland.
The act of 1831, ch. 90, after enumerating what instruments shall be proved and registered, declares in the sixth section thereof, that “ any of said instruments, so proved and registered as aforesaid, shall take effect only from the time they are registered, and any deed of conveyance, bill of sale, or other instruments above mentioned, which shall be last executed, but first registered, shall have preference thereof, unless it is proved in a Court of Equity, according to the rules of said Court, that such subsequent purchaser had full notice of the previous conveyance.”
*62 In Knowles v. Masterson et als., and Vance v. Masterson et als., 3 Hum., 619, it was held that mortgagees were within the meaning of this section of the act of 1831. And it is most obvious, not only from the principle of that case, but from the language of the act itself, that it embraces deeds of trust.
It was also further determined in that case, that knowledge of a prior incumbrance, on the part of a subsequent purchaser, though his deed might be first registered, had the effect to postpone him as against such previous incumbrancer.
The question now is, whether the notice thus communicated by E. A. Ross of the existence of the deed to Myers, to John Netherland and Charles J. McKinney, was notice to the bank ? And we are of opinion it was. They were the trustees in the deed for the benefit of the bank, and as such, took the legal title to the estate. It is most manifest that the communication was made to them in relation to the very deed then about to be executed for the benefit of the bank, and in which they were to, and did become the trustees ; and we think both had the notice prior to the execution of the deed. But this is not material, since notice to one was as effective as to both. They, no doubt, believed at the time, as did Ross himself, that he could, in a short time, adjust the debt with Myers; but this cannot impair the legal effect of the notice. It is difficult to perceive how the beneficiary in a deed of trust can claim the advantage of its provisions without being affected with a notice to the trustees of a prior incumbrance.
In Leneve v. Leneve, (Amb., 436, S. C., 3 Atk., 646,) Lord Chancellor Hardwicke held, that notice to an agent or trustee was notice to the principal. In that case lands in a register county were settled on trustees by a deed which was not registered, and the same lands were afterwards, upon a second marriage, settled on two trustees; Dandridge and Norton, the latter of whom was the solicitor of Mary Leiieve, the beneficiary in the second deed, and had notice of the former settlement; and the decision of the Chancellor was, that though the second settlement was registered pursuant to the statute 7th Anne, in both respects, as agent and trustee, notice *63 to Norton was notice to defendant, Mary, the beneficiary, likewise. The Chancellor, in the opinion, cites the case of Jennings v. Moore, Blincorne and others, 2 Vern., 609, which was this: Blincorne haring notice of an incumbrance, purchases in the name of Moore, and then agrees that Moore shall be the purchaser, and he accordingly pays the purchase money without notice of the incumbrance. Though Moore did not employ Blincorne, nor know anything of the purchase till after it was made, yet Moore approving of it afterwards, made Blincorne his agent ab initio, and therefore shall be affected with the notice to Blincorne. See also Union Bank v. Campbell, 4 Hum., 394.
The decree of the Chancellor, as to the equities of the parties under these two deeds of trust will be reversed, and priority given to complainants.